UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Holland Koon, # 227826, ) <br> aka Robert Koon aka Robert H. Koon ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SCDC Director Bryan Stirling, Dennis Patterson, ) <br> Warden McFadden, Chaplin Cuttino, ) <br> DHO Bachman, Jean Acthley, M. Disbrow, ) <br> Sgt. Marquant, (former) US Attorney General Eric ) <br> Holder, Michael Tindal, and   US Attorney General ) <br> Loretta Lynch, ) <br> ) <br> Defendants. ) <br> _____) | C/A No.  4:15-1724-DCN-TER <br><br> REPORT AND RECOMMENDATION <br> for partial summary dismissal |

   This is a civil action filed *pro se* by a South Carolina Department of Corrections inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge[1] is authorized to review all pretrial matters in such pro se cases and to submit

---

[1] Plaintiff has filed a motion to recuse the undersigned, which has been denied by the text order entered contemporaneous to this Report and Recommendation for the reasons set forth herein. (See Docs. 18, 21). The Fourth Circuit has recognized that "there is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." Nakell v. Attorney Gen. of N.C., 15 F.3d 319, 325 (4th Cir.1994) (citations and quotations omitted); see also Code of Judicial Conduct, Canon 3A(2) ("A judge should hear and decide matters assigned, unless disqualified ...."). It is clear from this general proposition that a judge may not sit in cases in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see also id. § 455(b) (enumerating circumstances requiring recusal). We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal. See Clemens v. U.S. Dist. Ct., 428 F.3d 1175, 1179 (9th Cir.2005); Nichols v. Alley, 71 F.3d 347, 352 (10th Cir.1995). If it is a close case, the balance tips in favor of recusal. Recusal of federal judges is generally governed by 28 U.S.C. § 455. That statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

1

findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

The plaintiff has brought suit against a number of state officials, as well as (former) US Attorney General Eric Holder and US Attorney General Loretta Lynch. In a separately-filed order, the undersigned is authorizing service of process upon the state defendants.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the

---

28 U.S.C. § 455(a). In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir.2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, because judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir.1998). Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." Cherry, 330 F.3d at 665 (internal quotation omitted). The Fourth Circuit recognizes that overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. DeTemple, 162 F.3d at 287. Recusal decisions under 28 U.S.C. § 455(a) are "fact-driven and may turn on subtleties in the particular case." Holland, 519 F.3d at 912. The statute provides a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. 28 U.S.C. § 455(b). Here, Plaintiff offers no basis for recusal other than, inter alia, conclusory statements related to Plaintiff's preference that his case be reassigned from the Florence division to the Charleston division of the District of South Carolina. Despite Plaintiff's statements, the undersigned knows of no reason why recusal of the undersigned is necessary in this case. Therefore, because Plaintiff has not set forth a basis for recusal under the law or shown that a reasonable person would question the undersigned's impartiality in this matter, Plaintiff's motion for recusal has been denied. (Docs. # 18 and 21).

procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. De'Lonta v. Angelone, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

In the instant case, Plaintiff alleges that Defendant Holder has failed in his duty to enforce certain federal statutes, which Plaintiff alleges have been violated by the enumerated South Carolina Department of Correction state defendants. (Doc. # 1 at p. 11). In a supplement to his Complaint filed on May 18, 2015, Plaintiff indicates that Defendant Lynch is added as a defendant to require that the government investigate the Plaintiff's alleged violations of federal law. (Attachment 2 to Doc. # 1). Plaintiff indicates that he sues Defendant Holder and Lynch in his/her official capacity.

3

(Doc. # 1 at p. 11; and Attachment 3 to Doc. # 1).[2]

In the landmark case of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971),[3] the United States Supreme Court established a remedy for plaintiffs alleging constitutional violations by federal officials to obtain monetary damages in suits against federal officials in their individual capacities. Id. Based on Bivens, courts have recognized that neither federal agencies nor federal officials in their official capacities can be sued for monetary damages in a Bivens action. Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (holding that a Bivens action cannot lie against a federal agency); Doe v. Chao, 306 F.3d 170, 184 (4th Cir.2002) (observing that "a Bivens action does not lie against either agencies or officials in their official capacity"); Randall v. United States, 95 F.3d 339, 345 (4th Cir.1996) ("Any remedy under Bivens is against federal officials individually, not the federal government."). Thus, pertinent here, Bivens and its progeny establish that (1) federal

---

[2]Plaintiff also indicates that he sues all defendants in both their individual and official capacities. The law is clear that personal participation of a defendant is a necessary element of a Bivens claim against a government official in his or her individual capacity. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001). Moreover, a claim based upon the doctrine of respondeat superior does not give rise to a Bivens claim. Monell, 436 U.S. at 691–94; see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has not alleged sufficient allegations to establish any claim against either Defendant Holder or Lynch in his or her individual capacity.

[3]In Bivens, the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, case law involving § 1983 claims is generally applicable in Bivens actions. see Harlow v. Fitzgerald, 457 U.S. 800, 814–20, n. 30, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); see also Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

officials can be held liable for damages in their individual capacities and (2) federal officials cannot be held liable for damages in their official capacities.

As it is clear from Plaintiff's complaint that he seeks to sue the United States Attorney General (albeit Holder or Lynch) in his or her official capacity, these Defendants are subject to summary dismissal. A suit against a public employee in his or her official capacity is actually a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, a claim against a government employee in their official capacities, is in reality a claim against the United States itself, as the entity that employs the officials. The doctrine of sovereign immunity, however, shields the United States from suit absent its consent to be sued. United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). A waiver of governmental immunity will not be implied. See Lane v. Pena, 518 U.S. 187, 192 (1996). The United States has not waived its sovereign immunity for constitutional misconduct. See F.D.I.C. v. Meyer, 510 U.S. 471, 477-78 (1994), (holding actions for constitutional torts may not lie against the United States). Therefore, the Bivens claims against the United States Attorney General any constitutional claims against the United States must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## RECOMMENDATION

Accordingly, it is recommended that the district court summarily dismiss the Attorney General Defendants: (former) US Attorney General Eric, and US Attorney General Loretta Lynch, from the above-captioned case without prejudice and without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th

Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) (essentially a redesignation of "old" 1915(d)); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

  The plaintiff's attention is directed to the Notice on the next page.

|  |  |
|---|---|
|  | s/Thomas E. Rogers, III |
| August 13, 2015 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).